02D03-1712-CT-000680  
Allen Superior Court 3

Filed: 12/22/2017 3:02 PM  
Clerk  
Allen County, Indiana  
TK

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

DELINDA A. WYATT,  )
)
  Plaintiff,  )
)
v.  )
)
CITY OF FORT WAYNE/METROPOLITAN  )
HUMAN RELATIONS COMMISSION,  )
)
  Defendant.  )

RECEIVED JAN 4 2018 CITY OF FORT WAYNE LAW DEPARTMENT

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Delinda A. Wyatt, a black/African American female who was born in 1963 who alleges that she was discriminated against and discharged on account of race and color, and her age (53 years old), all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and because she used FMLA time off for her foster children (grandchildren).

2. The Defendant is the City of Fort Wayne, a municipality organized and operating under the laws of the State of Indiana. The City of Fort Wayne is an "employer" for purposes of Title VII, the ADEA and 42 U.S.C. § 1981, and the FMLA. The City of Fort Wayne runs and operates an agency called "Fort Wayne Metropolitan Human Relations Commission" ("Metro"), and the primary purposes of which is to investigate alleged civil rights violations and to enforce applicable civil rights laws.

3. Plaintiff began her employment with Metro on or about July 10, 2001, and she remained

–1–


EXHIBIT A

employed up through and including May 17, 2016, at which time she was terminated on account of her race and color, and because of her age (53 years old). Plaintiff was also terminated (her job was interfered with and she was retaliated against) for taking medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") to take care of her foster children (who were also her grandchildren) who suffered from the serious health conditions of autism and ADHD.  See 29 C.F.R. § 825.121.

4. Plaintiff filed a Charge of Discrimination, No. 470-2016-01864, a copy of which is attached hereto and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on September 25, 2017, a copy of which is attached as Exhibit "B". This Complaint has been filed within ninety (90) days after receipt thereof.

5. Plaintiff contends that she was discriminated against, retaliated against, and had her job interfered with all on account of her race, age and use of FMLA time off for her foster children, in that:

   a. Plaintiff fully incorporates herein the information set forth in her Charge of Discrimination (Exhibit "A").

   b. On or about April 28, 2016, Plaintiff submitted to Dawn Cummings (Executive Director of Metro) that Metro gives preferential treatment to Caucasian and younger employees, and one month later, Plaintiff was terminated.

   c. Within two years of the date of her termination, Plaintiff had informed Ms. Cummings and Sara Nicole Quintana (Staff Attorney) that she needed time off work to care for her mother who was disabled and suffered from a serious health condition. Plaintiff also told Cummings and Quintana during that time period that she had obtained custody of her grandchildren through Child Protective Services (and they were her foster children), and she needed time off work to care for them because of their respective serious health conditions (ADHD and autism). On May 17, 2016, Ms. Cummings mentioned that Plaintiff had "performance issues" for the past two years, implying that the time she took off work to care for her foster children and her mother were held against her, contrary to the FMLA. The reasons provided for terminating Plaintiff were false and pretextual.

6. The actions of the Defendants were done intentionally and in reckless disregard of Plaintiff's federally protected civil rights. Plaintiff suffered emotional distress, mental anguish, inconvenience, humiliation and other damages and injuries for which she seeks compensatory damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, costs, reasonable attorney's fees and expenses and for all other just and proper relief under Title VII, the ADEA, the FMLA and 42 U.S.C. § 1981.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
Counsel for Plaintiff

CCM/js

02D03-1712-CT-000680  
Allen Superior Court 3

Filed: 12/22/2017 3:02 PM  
Clerk  
Allen County, Indiana  
TK

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2016-01864 |

Indiana Civil Rights Commission                                        and EEOC  
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Delinda Wyatt | (260) 418-3782 | |

Street Address: 6018 E. Tillman Rd., Fort Wayne, IN 46816

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF FORT WAYNE - METROPOLITAN HUMAN RELS COMMISSION | 15 - 100 | (260) 427-1146 |

Street Address: 2310 Parnell Ave., Fort Wayne, IN 46805

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN  
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION  
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE  
Earliest: 12-01-2015   Latest: 05-17-2016  
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Metropolitan Human Relations Commission on July 10, 2001. I most recently held the position of Lead Investigator. My immediate supervisor was Dawn Cummings, Executive Director.

In the fall of 2015, Ms. Norris, Lead Investigator and I were assigned the task to investigate the reasons the staff morale was low. Soon after, Ms. Norris and I informed Ms. Cummings the findings of our investigation. On April 15, 2016, Ms. Cummings accused me and Ms. Norris of lying to her about the statements made by our staff. She accused me and Ms. Norris of poisoning the staff. On that same date, Ms. Cummings informed me and Ms. Norris that we were going to be demoted. Ms. Cummings went ahead and instructed me to download the files with all the numbers of the EEOC contract. Ms. Cummings also instructed me to not take any time off in the next couple of weeks. I felt very intimidated by Ms. Cummings' actions. Also, this past February I voiced my opinion about Respondent's lack of commitment to civil rights to Sarah Nicole Quintana, Staff Attorney. Ms. Quintana instructed me to work on a proposal to address my voiced concerns about Respondents. On April 18, 2016, I submitted to Ms. Cummings and the Commission Staff an internal complaint. In my complaint, I reported that the agency gives preferential treatment to Caucasian/younger employees. For example, Ms. Cummings did not ask Ms. Norris (age, 42) to download any files. Ms. Norris was not instructed to not take any time off. Amber Nancarrow (age, 26), Receptionist has been condescending towards other staff members and complainants;

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

May 19, 2016  
*Date*  
*(signature)* Delinda Wyatt  
*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  
(month, day, year)

Ex. A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>470-2016-01864 |
|---|---|---|

Indiana Civil Rights Commission and EEOC
*State or local Agency, if any*

however, she was not disciplined. Ms. Sierra Barnhart (age, 25) and Ms. Nan arrow have sought other employment without informing Ms. Cummings or Ms. Quintana. They were not asked to download any files On April 28, 2016, I attended a meeting with the following Commissioners: Rick Trevino, Dorian Maples, and Lana Keesling. During the meeting, I complained to above listed Commissioners that I felt targeted because of my race and age. I also reported that other employees have engaged in inappropriate behavior, however; these employees were not disciplined. On May 17, 2016, I was terminated.

Around July 2015, I informed Cummings and Quintana that I would have to provide continued care for my mother who is disabled. Also, in September 2015, Cummings and Quintana became aware that I un-expectantly obtained custody of my grandchildren through child protective services. One of my grandchildren is disabled. I believe Cummings did not take these factors into consideration when she alleged I made comments she felt were insubordinate. Cummings stated that the comments were viewed as a threat to the organization. Some of the comments were not said, and others were taken out of context. I also feel I was not provided a reasonable accommodation. Cummings has attempted to present me in a negative light. Furthermore, on May 17, 2016, Cummings mentioned that I have had performance issues for the past two years. This is not true. Verification of production logs for the past two years will show my performance was comparable to other investigators. I know that for management to allow me a slightly longer time allowance to turn in documents or review documents would definitely have been reasonable. This allowance would not have jeopardized the agency or our contract with EEOC. This was mentioned to Quintana and Cummings numerous times; however, I was not afforded this accommodation.

A great deal of the statements Cummings has written in her emails to me, in the termination document, and correspondence to the Commission is false. I believe that I was retaliated against when I attempted to complain about the terms and conditions of my employment on more than one occasion.

I believe that I have been discriminated against because of my race, African American in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been terminated in retaliation for complaining about being discriminated against in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against because of my age, 52, in violation of the Age Discrimination in Employment Act, as amended. I further believe I was denied a reasonable accommodation and discriminated against because of my association with individuals who are disabled in violation of the Americans with Disabilities Act, as amended. I believe I was retaliated against because I requested a reasonable accommodation in violation of the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>May 19, 2016<br>Date     *Belinda Wyatt*    Charging Party Signature | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
|---|---|

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Delinda Wyatt<br>6018 E. Tillman Rd.<br>Fort Wayne, IN 46816 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2016-01864 | Tommye L. Cooper,<br>Investigator | (901) 544-0086 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Katharine W. Kores,
Director

SEP 25 2017
*(Date Mailed)*

Enclosures(s)

cc: Rachel Guin-lowry
EILBACHER FLETCHER
803 South Calhoun Street, 4th Floor
Fort Wayne, IN 46802

Ex. B